### UNITED STATES *v.* BARTOW.*

(*Circuit Court, S. D. New York.* February 18, 1882.)

1. INDICTMENT UNDER SECTION 5209, REV. ST.—SUFFICIENCY OF.
    An indictment under section 5209, Rev. St., which charges the making of a false entry in a report with intent to deceive the comptroller of the currency, cannot be sustained, as he is not an agent appointed to examine the affairs of a national bank within the meaning of the statute.

2. SAME—SAME.
    Where, in an indictment under said section, a bank officer was charged with making a report with intent to deceive "whereby, by means of a false entry therein by him made," *held*, upon a motion to quash, that this language might be sufficient to support a finding that he made a false entry in a report within the meaning of the statute.

BENEDICT, D. J. This is a motion to quash an indictment framed under section 5209 of the Revised Statutes, by which statute it is made an offence for any cashier of a national bank to make any false entry in any report or statement of the association with intent to defraud the association, or to deceive any officer of the association or any agent appointed to examine the affairs of such association. The indictment is curiously framed, and under other circumstances I should have little hesitation in directing it to be quashed. But the lapse of time since the date of the alleged offence is such that it is now too

*Reported by S. Nelson White, Esq., of the New York bar.

late to frame a new indictment. The defendant has long since pleaded to the indictment as it stands, and the motion to quash at this time was permitted only as a matter of favor, to enable the defendant to point out if he could defects that would necessarily be fatal on a motion in arrest of judgment. The present motion must therefore fail, unless the indictment disclose defects that would clearly be fatal after verdict. Such a defect plainly appears in the first, second, and third counts, where the only intent charged is an intent to deceive John I. Knox, the comptroller of the currency. The intent made by the statute an ingredient of the offence is an intent to defraud the association, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association. The comptroller of the currency is not an agent appointed to examine the affairs of a national banking association within the meaning of this statute. The first, second, and third counts of the indictment are, therefore, good for nothing.

The other counts are differently framed in regard to the intent. They are alike in form, and the only objection taken to them is that the substance of the charge in each is the making of a false report of the condition of the bank, whereas the offence created by the statute consists in making a false entry in a report. Upon this ground it is contended that no offence is charged in either of these counts. But while the wording of the indictment doubtless affords some ground for such a contention, it is not certain that the language employed would be held insufficient to support a conviction for making a false entry in the report. These are the words: "Whereby, by means of a false entry therein by him made." This language might be held to constitute an imperfect averment that the defendant made a false entry in the report described, and therefore sufficient to support a finding that the defendant made a false entry in a report within the meaning of the statute. Any doubts existing upon such a question, when raised, as in this case, should be left to be solved upon the motion in arrest of judgment.

The motion to quash is, therefore, denied.